UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EDWARD WOJCIK, | Case No. 12-10088 |
| Plaintiff, | David M. Lawson |
| v. | United States District Judge |
| COMMISSIONER OF SOCIAL SECURITY, | Michael Hluchaniuk |
| | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION
CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 15, 16)**

**I.    PROCEDURAL HISTORY**

A.    Proceedings in this Court

On January 9, 2012, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits.  (Dkt. 1).  Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge David M. Lawson referred this matter to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for a period of disability and disability insurance benefits.  (Dkt. 4).  This matter is before the Court on cross-motions for summary judgment.  (Dkt. 15, 16).

B.    Administrative Proceedings

Plaintiff filed the instant claims on June 28, 2010, alleging that he became

unable to work on May 1, 2009. (Dkt. 14-2, Pg ID 47). The claim was initially disapproved by the Commissioner on October 25, 2010. (Dkt. 14-2, Pg ID 47). Plaintiff requested a hearing and on June 11, 2011, plaintiff appeared with counsel before Administrative Law Judge (ALJ) John Dodson, who considered the case *de novo*. In a decision dated August 12, 2011, the ALJ found that plaintiff was not disabled. (Dkt. 14-2, Pg ID 47-54). Plaintiff requested a review of this decision on October 14, 2011. (Dkt. 14-2, Pg ID 43). The ALJ's decision became the final decision of the Commissioner when, after the review of additional exhibits,[1] the Appeals Council, on November 4, 2011, denied plaintiff's request for review. (Dkt. 14-2, Pg ID 39-41); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

---

[1] In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review. *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the court can consider only that evidence presented to the ALJ. In other words, Appeals Council evidence may not be considered for the purpose of substantial evidence review.

## II. FACTUAL BACKGROUND

Plaintiff was 42 years of age at the time of the most recent administrative hearing. Plaintiff's has past relevant work history as a warehouseman/hi lo driver, and security guard. (Dkt. 14-2, Pg ID 52). The ALJ applied the five-step disability analysis to plaintiff's claim and found at step one that plaintiff had not engaged in substantial gainful activity since May , 2009, the alleged onset date. (Dkt. 14-2, Pg ID 49). At step two, the ALJ found that plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, morbid obesity, mild chronic obstructive pulmonary disease, and tobacco abuse. (Dkt. 14-2, Pg ID 49). At step three, the ALJ found no evidence that plaintiff's combination of impairments met or medically equaled one of the listings in the regulations. (Dkt. 14-2, Pg ID 49). At step four, the ALJ found plaintiff unable to perform any past relevant work since the alleged disability onset date. *Id*. The ALJ determined that plaintiff has the residual functional capacity to perform sedentary work, except that he can grip and handle with the left upper extremity no more than occasionally; bend, climb stairs/ramps, stoop, kneel, crouch or crawl occasionally; push or pull within the exertional limitations indicated; must never climb ladders, ropes or scaffolds, and may not work in areas with pulmonary irritants. At step five, the ALJ determined that, with this RFC, plaintiff could perform a substantial number of available jobs in the economy. (Dkt. 14-2, Pg ID 49-50, 52).

### III. ANALYSIS AND CONCLUSIONS

Plaintiff submits a two-sentence brief, attaching letters and records from his treating physician. It is not sufficient for a party to mention a possible argument "in a most skeletal way, leaving the court to ... put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). Indeed, a court need not make a party's case by scouring the various submissions to piece together appropriate arguments. *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995). And, the court is not obligated to make plaintiff's case for them or to "wade through and search the entire record" for some specific facts that might support [her] motion. *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989). In this case, plaintiff has made no effort whatsoever to even point the Court in the direction of any potential errors below. Moreover, the Court has carefully reviewed the record, the ALJ's decision, and the motion for summary judgment filed by the Commissioner and concludes that the ALJ's decision is supported by substantial evidence in the record.

Finally, plaintiff has made no effort whatsoever to establish the requirements for a sentence six remand. Under sentence six of 42 U.S.C. § 405(g), plaintiff has the burden to demonstrate that the evidence is "new" and "material" and that there is "good cause" for failing to present this evidence in the prior proceeding. *Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006); *Longworth v. Comm'r*

*of Soc. Sec.*, 402 F.3d 591, 598 (6th Cir. 2005). Plaintiff has made no effort to do so and therefore, the undersigned also concludes that, to the extent plaintiff appears to be requesting relief under sentence six, any such relief should be denied.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: March 11, 2013           s/Michael Hluchaniuk
                               Michael Hluchaniuk
                               United States Magistrate Judge

### CERTIFICATE OF SERVICE

I certify that on March 11, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Vanessa Miree Mays and the Commissioner of Social Security, and I certify that I have mailed by United States Postal Service the foregoing pleading to the plaintiff, a non-ECF participant, at the following address: Edward Wojcik, 25458 Curie Avenue, Warren, MI 48091.

                               s/Tammy Hallwood
                               Case Manager
                               (810) 341-7850
                               tammy_hallwood@mied.uscourts.gov